## James H. Lafferty, Appt., v. Jacob Jarden et al.

When land became vested in defendant in fee simple, subject to a ground rent and to a covenant to erect buildings thereon, a bill in equity will not be sustained by the vendor to restrain defendant from excavating and removing clay from the land.

(Decided January 17, 1887.)

January Term, 1886, No. 205, E. D., before Mercur, Ch. J., Gordon, Paxson, Trunkey, Sterrett, and Green, JJ. Appeal from a decree of the Common Pleas No. 1 of Philadelphia County, sustaining a demurrer to a bill in equity to restrain defendant from committing a waste. Affirmed.

This was a bill in equity, filed in October, 1885, by James H. Lafferty against Jacob Jarden and Lewis E. Jarden, which alleged that complainant was the owner of a certain piece of land which he, September 30, 1868, conveyed to one Simonin, his heirs and assigns, for building purposes, reserving a yearly ground rent of $360, payable half yearly; being the whole of the principal or purchase money of said lot, namely: $6,000; that by said deed it was expressly covenanted by the said Simonin, his heirs and assigns, inter alia, as follows: "Also that he, the said Charles F. A. Simonin, his heirs or assigns, shall and will within one year from the date thereof (the date of the deed) erect and build on the said hereby granted lot, buildings of sufficient value fully to secure the said yearly rent hereby reserved;" that by sundry mesne conveyances the lot became vested in Jacob Jarden in fee simple April 27, 1885, subject to the ground rent and to the building and other covenants mentioned in the original conveyance; that there are no buildings on the lot; that the said Jacob Jarden and his son Lewis Jarden are in the brick making business and are excavating said lot and digging and hauling away the dirt, clay, and loam therefrom for use in their business, with no intention to build on said lot, to the great loss, injury, and damage to complainant in respect to the market value of his said rent and the security of the principal moneys thereof yet unpaid and also to its value as an investment; and that by reason of the failure of de-

fendant, Jacob Jarden, to build, etc., according to the term and covenant of the ground rent deed, and by reason of such digging, etc., complainant is greatly injured and has no adequate remedy at law therefor, and prays: 1, For an injunction to compel and restrain the said defendants and each of them, their servants, agents, and employees from digging out or causing to be dug out the clay or loam in the said lot or from hauling or carting away the same, and from using it for brick-making purposes, or otherwise, and from leaving the said lot bare and excavated; 2, from digging out and excavating the said lot for clay or loam or causing it to be so done, except for actual building purposes— according to the covenants and terms aforesaid of the said ground rent deed; 3, to decree and compel the said defendant, Jacob Jarden, as assignee aforesaid, to erect, maintain, and keep upon the said lot buildings of sufficient value to secure your orator's said reserved rent according to the said covenant of the said ground rent deed; 4, for general and further relief.

Defendants demurred to the bill upon the following grounds: 1, that upon the allegations of the said bill, the complainant is not entitled to the relief prayed for; 2, that the complainant does not aver a breach of the covenant to build, mentioned in complainant's bill; 3, that an estate in fee simple in the lot of ground mentioned and described in complainant's bill, having vested in the said Jacob Jarden, subject only to the payment of the yearly ground rent of $360 per annum, the said Jacob Jarden, and those holding under him, have the legal and equitable right to dig, excavate, and remove the clay from said lot of ground, free from molestation or hindrance, by him, the said complainant; 4, the complainant has a full, adequate, and complete remedy at law; 5, that the said bill is irregular and insufficient in every respect.

The court below sustained the demurrer, and complainant took this appeal, assigning as error the action of the court in sustaining the demurrer and not overruling the same, and in not decreeing for plaintiff in accordance with the prayers of the bill.

*A. Thompson,* for appellant.—In Pennsylvania Co. for Ins. on Lives & G. A. v. Lynch, 6 W. N. C. 446, the court held—in a bill praying for an injunction to prevent the removal of a foundation wall which a defendant had built under a similar conveyance—that the plaintiff had a right to apply the strong

arm of the equity side of the court to prevent him from taking away what little security he had already, and to stop him from violating his agreement which bound him as a contract running with the land.

Equity interposes to restrain waste, and sometimes a mere trespass in the nature of waste, on the ground of preventing irreparable mischief and the destruction of the inheritance and where there is no adequate remedy at law. The jurisdiction is now held to reach adverse claims and rights not founded in privity. Philadelphia v. Griscom, 5 Phila. 537; 2 Story, Eq. § 918; Munson v. Tryon, 6 Phila. 397.

Courts of equity will not interfere by injunction to prevent waste in cases of tenants in common or coparceners or joint tenants, because they have a right to enjoy the estate as they please, yet they will interfere in special cases; as, where the party committing the waste is insolvent, or where the waste is destructive of the estate, and not within the usual legitimate exercise of the right of enjoyment of the estate. 2 Story, Eq. Jur. § 916.

By the act of June, 1836, § 13, the equity jurisdiction of the courts there specified, and those to which it has been extended by subsequent legislation extends to the prevention or restraint of the commission or continuance of acts contrary to law, and prejudicial to the interest of the community or the rights of individuals.

Waste, as an act contrary to law, is within the purview of the legislation of this state on the equitable powers of the courts; and the jurisdiction conferred expressly extends to its prevention or restraint. Denny v. Brunson, 29 Pa. 382.

Jurisdiction in equity depends not so much on the want of a common-law remedy as upon its inadequacy, and its exercise is a matter which often rests in the discretion of the court. Bierbower's Appeal, 107 Pa. 14.

*William Kelley,* for appellees.—The case of Pennsylvania Co. for Ins. on Lives & G. A. v. Lynch, 6 W. N. C. 446, differs from this in that the defendant having partially erected buildings upon the land, under his covenant so to do, was about to remove the same.

The breach of the covenant was complete at the end of the year, and ceased to run with the land after the breach, and the

assignee of the land after the breach took it free from the covenant. Fisher v. Lewis, 1 Clark (Pa.) 422.

There is no allegation that the rent has not always been paid. The continued receipt of the rent by the landlord, for sixteen years after the breach of the covenant, would alone constitute a waiver of the condition. Newman v. Rutter, 8 Watts, 51.

The owner of the rent is in no sense the owner of the land. Voeghtly v. Pittsburgh & F. W. R. Co. 2 Grant Cas. 243; Workman v. Mifflin, 30 Pa. 362.

PER CURIAM:

The court committed no error in sustaining the demurrer. No breach of the covenant of the vendee is averred in the bill. The estate conveyed is in fee simple. The bill therefore will not lie for the excavation and removal of clay from the land.

Decree affirmed and appeal dismissed, at the costs of the appellant.